United States District Court

Eastern District of California

William Klovach,

       Petitioner,                    No. Civ. S 05-1904 FCD PAN P

  vs.                                  Order

D.G. Adams, Warden, et al.,

       Respondents.

-oOo-

Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is necessary, the decision to appoint counsel

is discretionary. <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules Governing § 2254 Cases.

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see</u> <u>also</u>, <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. <u>Id.</u> Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the petitioner's possession, viz., they do not require investigation outside the prison walls. <u>Id.</u> at 887-88.

Here, petitioner alleges his rights were violated when the trial court refused to instruct the jury on a lesser included offense and refused to strike prior convictions used to enhance his sentence. The law governing these issues is settled. Neither factual development nor legal insight are required because these proceedings are limited to claims that already were identified and presented to the California Supreme Court. There

1  is, on the record before the court, no reason to believe
2  appointment of counsel would be of significant benefit.
3       Petitioner's September 21, 2005, request for the appointment
4  of counsel therefore is denied.
5       So ordered.
6       Dated:  November 10, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge